## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN LEHOCKY and LAURYN LEHOCKY, h/w : | |
|     *Plaintiff* : | Civil Action No. |
| vs. : | |
| PROGRESSIVE ADVANCED : | |
| INSURANCE COMPANY : | |
|     *Defendant* : | |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

### I. PARTIES

1. Plaintiffs, Shawn Lehocky and Lauryn Lehocky, h/w, are adult individuals and citizens of the Commonwealth of Pennsylvania residing therein at 123 Rosemont Avenue, Ridley Park, PA 19078.

2. Defendant, Progressive Advanced Insurance Company (hereinafter Progressive), was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Ohio and authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, with its corporate headquarters and principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143. Defendant is a citizen of Ohio for purposes of diversity jurisdiction.

### II. JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the policy giving rise to Plaintiff's claims was issued in the District, because a substantial part of the events or omissions giving rise to the within claims occurred within the District and because Defendant regularly conducts business within the district.

## III. STATEMENT OF CLAIMS

6. At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

7. At all times material hereto, Plaintiff Shawn Lehocky was insured by Defendant Progressive under a policy of automobile insurance which provided for underinsured motorist benefits, policy number 14032439. Plaintiff is not in possession of the declaration pages or complete policy covering the date of the accident at issue in this but believes and therefore avers that Defendant is in possession of such documentation.

8. On or about September 14, 2020, Plaintiff Shawn Lehocky was lawfully operating a 2018 Audi A4 motor vehicle, with Pennsylvania license plate #KPH4655, southbound on Stewart Avenue (SR2033) near its intersection with Chester Pike (SR13) in Ridley Park, Pennsylvania, when, suddenly and without warning, a 2004 Ford Econoline motor vehicle, owned and operated by Joseph E. Stone, Jr., which was traveling northbound on Stewart Avenue (SR2033), failed to yield to oncoming traffic and attempted to make an improper left turn onto westbound Chester Pike (SR13) without adequate clearance to do so and struck the driver's side of Plaintiff's vehicle

with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

9. At the time of the aforementioned accident, the motor vehicle owned and operated by Joseph E. Stone, Jr. was insured under policies of insurance issued by Drive New Jersey Insurance Company and Good2Go Insurance, Inc.

10. The aforementioned accident was caused solely by the negligence and carelessness of Joseph E. Stone, Jr., and was not the result of the actions or inactions of Plaintiff Shawn Lehocky.

11. By reason of the aforesaid negligence of Joseph E. Stone, Jr., Plaintiff Shawn Lehocky has suffered severe and permanent injuries, including, but not limited to: a left partial underside rotator cuff tear and associated impingement syndrome requiring surgery; pancreatitis; pain in the thoracic spine; various injuries to his cervical spine, left arm, and left hip/abdomen; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

12. As a further result of the accident, Plaintiff Shawn Lehocky, has or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

13. As a further result of the accident, Plaintiff Shawn Lehocky has or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period of time in the future.

14. As a direct and reasonable result of the accident aforementioned, Plaintiff Shawn Lehocky may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which he claims damages herein.

15. Further, by reason of the aforesaid accident, Plaintiff Shawn Lehocky, has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

16. As a further result of the accident, Plaintiff Shawn Lehocky has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

17. As a further result of the accident, Plaintiff Lauryn Lehocky has suffered the loss of earnings, society, consortium, and services of her husband, to which she is legally entitled. Plaintiff has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries her husband has suffered, and may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

18. Drive New Jersey Insurance Company and Good2Go Insurance, Inc. tendered the full amounts of Joseph E. Stone, Jr.'s policy limits as settlement of Plaintiffs' claims against Joseph E. Stone, Jr. As required by Defendant's policy, Plaintiff requested consent from Defendant to settle the underlying matter with Progressive. Confirmation of the April 18, 2022 consent from Progressive is attached as Exhibit "A".

19. Notice of the aforesaid covered loss and Plaintiffs' intent to pursue underinsured motorist benefits was provided to Defendant Progressive in a prompt and timely manner by Plaintiffs and, at all times relevant hereto, Plaintiffs fully complied with all of the terms and conditions required by the policy.

20. Plaintiffs demand underinsured motorist benefits in the amount of the Policy limits.

21. Defendant Progressive, despite Plaintiffs' May 6, 2022 demand for underinsured motorist benefits under the Policy and submission of Plaintiff Shawn Lehocky's medical specials – the same documentation which supported Drive New Jersey Insurance Company and Good2Go Insurance, Inc.'s tender of the full limits of their policies, has refused, without legal justification or cause, and continues to refuse, to pay to the Plaintiffs monies owed for the injuries suffered as a result of the aforesaid loss. A copy of Plaintiffs' May 6, 2022 demand letter is attached as Exhibit "B".

22. As a result of the Defendant Progressive's failure and refusal to pay reasonable benefits to the Plaintiffs as required under the Policy, Plaintiffs have suffered losses and damages.

## COUNT I
## SHAWN LEHOCKY v. PROGRESSIVE ADVANCED INSURANCE COMPANY
## BREACH OF CONTRACT

23. Plaintiff hereby incorporate by reference paragraphs one (1) through twenty-two (22) of the within Complaint, as though the same were fully set forth at length herein.

24. Defendant Progressive has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

25. Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

26. Defendant owes Plaintiff a fiduciary, contractual, and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

27. For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

28. Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

29. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which he is entitled under the policy.

30. Defendant's denial of coverage was made without a reasonable basis in fact.

31. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Shawn Lehocky, demands judgment against Defendant Progressive Advanced Insurance Company in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

### COUNT II
### SHAWN LEHOCKY v. PROGRESSIVE ADVANCED INSURANCE COMPANY
### BAD FAITH– 42 PA. C.S.A. §8371

32. Plaintiff hereby incorporate by reference paragraphs one (1) through thirty-one (31) of the within Complaint as though the same were fully set forth at length herein.

33. Defendant Progressive has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. §8371, et seq.

34. In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, have engaged in the following conduct:

   (a) failing to evaluate Plaintiff's claim objectively and fairly;

   (b) failing to complete a prompt and thorough investigation of Plaintiff's claim;

   (c) failing to pay Plaintiff's covered loss in a prompt and timely manner;

   (d) conducting an unfair and unreasonable investigation of Plaintiff's claim;

   (e) failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

   (f) failing to keep the Plaintiff or his representatives fairly and adequately advised as to the status of the claim;

   (g) unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or his representatives;

   (h) failing to make a reasonable settlement offer to Plaintiff despite receipt of medical specials which supported tender of the full policy limit in Plaintiff's third-party claim against Joseph E. Stone, Jr.;

   (i) unreasonably withholding policy benefits;

   (j) acting unreasonably and unfairly in response to Plaintiff's claim; and

   (k) unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

35. For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa. C.S.A. §8371, for which the Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

WHEREFORE, Plaintiff, Shawn Lehocky, demands the court enter judgment in favor of the Plaintiff and against Defendant Progressive Advanced Insurance Company and award compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

**COUNT III**
**LAURYN LEHOCKY v. PROGRESSIVE ADVANCED INSURANCE COMPANY**
**LOSS OF CONSORTIUM**

36. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-five (35) of the within Complaint as though the same were fully set forth at length herein.

37. As a further result of the incident described herein, Plaintiff Lauryn Lehocky has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff Shawn Lehocky, to which she is legally entitled.

38. As a further result of the incident described herein, Plaintiff Lauryn Lehocky has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendant's negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Lauryn Lehocky, demands judgment against Defendant Progressive Advanced Insurance Company, in an amount in excess of One Hundred and Fifty

Thousand Dollars ($150,000.00), together with costs of suit, interest and any such other relief as the Court deems adequate, just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims.

Respectfully,

**SWARTZ CULLETON PC**

By: /s/ Brandon A. Swartz
Brandon A. Swartz, Esquire
Maria K. McGinty-Ferris, Esquire
Attorneys for Plaintiffs,
Shawn Lehocky and Lauryn Lehocky, h/w

Date: June 20, 2022

# EXHIBIT A

# EXHIBIT B